**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-cv-80883-MIDDLEBROOKS**

TODD POPKE,
ANGELO VALVERDE, and
ANTONIO GONZALEZ,

      Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION,
a foreign profit corporation,

      Defendant.

                                /

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs, TODD POPKE, ANGELO VALVERDE, and ANTONIO GONZALEZ, by and through their undersigned counsel and pursuant to Local Rule 56.1, hereby respond to Defendant's Motion for Summary Judgment (DE 47) as follows.

### INTRODUCTION

Defendant's Motion for Summary Judgment rests on three central propositions: that its actions were required by Federal Motor Carrier Safety Regulations ("FMCSR"), that Plaintiffs were not qualified individuals within the meaning of the ADA, and that Plaintiffs did not suffer an adverse employment action. (DE 47 at 5–6.) Each of those propositions is contradicted by the evidentiary record and, at minimum, presents genuine disputes of material fact.

The undisputed sequence of events reflects that Plaintiffs were removed from their driving duties immediately upon confirming that they used handicap placards, without any contemporaneous finding of impairment and before any individualized determination by a DOT-certified medical examiner. (DE 48, ¶¶ 32–35; Pl. SOMF Resp. ¶49.) The record further reflects

that Plaintiffs had previously been cleared to perform their duties without restriction and were ultimately cleared by a DOT-certified examiner and returned to driving. (DE 48, ¶¶ 20–21, 60–61, 108–110; Pl. SOMF Resp. ¶65.) Finally, the record reflects that Plaintiffs were removed from their primary job duties and placed into a coercive transitional duty framework conditioned on avoiding unpaid leave. (DE 48, ¶44; Pl. SOMF Resp. ¶60, ¶82, ¶140.)

Under governing summary judgment standards, these disputed facts must be resolved by a jury, not by the Court as a matter of law.

## **ARGUMENT**

### I.   **DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT BASED ON ITS FMCSR DEFENSE**

A.   <u>The Record Creates a Genuine Dispute as to Whether FMCSR Required Plaintiffs' Removal</u>

Defendant asserts that Plaintiffs' removal was required by FMCSR. (DE 47 at 6–7.) The record creates a genuine dispute as to that contention.

The evidence reflects that Plaintiffs were removed immediately upon confirmation that they used handicap placards, without any contemporaneous determination that they were medically unfit to perform their duties. (DE 48, ¶¶ 32–35; Pl. SOMF Resp. ¶49, ¶138.) Plaintiffs have specifically disputed Defendant's assertion that placard use created a disqualifying inconsistency under DOT regulations, and the record reflects no automatic disqualification associated with placard use. (Pl. SOMF Resp. ¶27.)

The FMCSR provisions on which Defendant relies require that a driver not operate a commercial vehicle when impaired and, in certain circumstances, require medical certification before returning to duty. *See* 49 C.F.R. § 391.45. Those provisions do not mandate removal based solely on the existence of a handicap placard or a perceived inconsistency between state eligibility

criteria and federal standards. Other than Defendant discovering Plaintiffs' use of handicap placards, there is no other evidence in the record that would support a finding that Plaintiffs needed to be medically examined under the FMCSR.

Because the record reflects that Plaintiffs were removed without an individualized fitness determination, and were done only because of Plaintiffs use of a handicap placard, a reasonable jury could conclude that Defendant's actions were discretionary rather than required.

B. The Record Demonstrates That Plaintiffs Had Medical Clearance to Drive

The record further undermines Defendant's FMCSR defense by demonstrating that Plaintiffs were not medically disqualified at the time of removal.

Plaintiffs had been released to work without restriction prior to the events at issue. (DE 48, ¶¶ 20–21, 26–27, 30.) In addition, Plaintiff Popke's treating physician documented that he was cleared to drive under DOT standards without impairment. (DE 48, ¶51; Pl. SOMF Resp. ¶65.) Plaintiffs have also presented evidence that they had already provided medical clearance before being removed from driving duties. (Pl. SOMF Resp. ¶58.)

It is further undisputed that each Plaintiff was ultimately cleared and returned to driving. (DE 48, ¶¶ 60–61, 108–110.) This sequence of events creates a genuine dispute as to whether Plaintiffs were ever medically unfit and whether removal was necessary.

C. Defendant Cannot Establish a "Direct Threat" as a Matter of Law

To the extent Defendant contends that its actions were justified by safety concerns, such a defense must satisfy the ADA's "direct threat" standard, which requires an individualized assessment based on reasonable medical judgment and objective evidence. 29 C.F.R. § 1630.2(r); *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 86, 122 S. Ct. 2045, 153 L. Ed. 2d 82 (2002).

The record reflects that Defendant removed Plaintiffs without conducting an individualized assessment of their ability to safely perform their duties at the time of removal. (Pl. SOMF Resp. ¶49, ¶138.) Instead, the decision was triggered categorically upon confirmation of placard use. A reasonable jury could conclude that Defendant acted based on generalized assumptions rather than objective medical evidence, precluding summary judgment on any "direct threat" theory.

## II.   GENUINE DISPUTES EXIST AS TO WHETHER PLAINTIFFS WERE QUALIFIED INDIVIDUALS

A. <u>Defendant Improperly Equates Employer-Imposed Removal with Lack of Qualification</u>

Defendant contends that Plaintiffs were not qualified because they could not perform driving duties until cleared by a DOT-certified examiner. (DE 47 at 8–10.) This argument conflates an employer-imposed restriction with the statutory definition of a qualified individual.

The ADA defines a qualified individual as one who can perform the essential functions of the position, with or without reasonable accommodation. 42 U.S.C. § 12111(8). The inquiry focuses on capability, not on whether an employer has chosen to remove an employee pending further review. See *Lowe v. Alabama Power Co.*, 244 F.3d 1305, 1309 (11th Cir. 2001) (finding that review needed to look at "actual capabilities" of employee.").

To the extent Defendant's argument implies that Plaintiffs were required to demonstrate complete absence of any medical condition before performing their duties, such a standard is inconsistent with the ADA, which does not permit employers to impose a "100% healed" requirement or its functional equivalent. *See Moore v. Jackson Cty. Bd. of Educ.*, 979 F. Supp. 2d 1251, 1266 (N.D. Ala. 2013) ("In keeping with these principles, several Circuit Courts of Appeal have found that employer policies requiring an injured or sick employee to be completely healed or recovered in order to return to work are unlawful…. This court has no reason to doubt that the Eleventh Circuit would adopt a similar holding if it were confronted with the issue.").

B.  The Record Demonstrates Plaintiffs' Ability to Perform Their Duties

The record contains substantial evidence that Plaintiffs were capable of performing their driving duties. Plaintiffs worked without restriction prior to their removal. (DE 48, ¶¶ 20–21, 26–27, 30.) They were medically cleared by treating providers, including documentation that they could drive under DOT standards. (DE 48, ¶51; Pl. SOMF Resp. ¶65.) They were ultimately cleared by DOT-certified examiners and returned to their positions. (DE 48, ¶¶ 60–61, 108–110.) Plaintiffs have also specifically disputed Defendant's contention that placard use creates a regulatory disqualification. (Pl. SOMF Resp. ¶27.) This evidence is sufficient to create a genuine dispute of material fact as to whether Plaintiffs were qualified individuals.

III.  **THE RECORD SUPPORTS A FINDING THAT PLAINTIFFS SUFFERED ADVERSE EMPLOYMENT ACTIONS**

A.  Removal from Driving Duties Constitutes a Material Change in Employment

Defendant's argument that Plaintiffs did not suffer an adverse employment action because they continued to receive pay is contrary to controlling law. (DE 47 at 11–12.)

An adverse employment action includes any material change in the terms or conditions of employment, including reassignment away from core job duties. *See Muldrow v. City of St. Louis*, 601 U.S. 346, 354, 144 S. Ct. 967, 218 L. Ed. 2d 322 (2024) (explaining that to establish adverse action on a Title VII discriminatory forced-transfer claim, a transferee need only establish that she was "treat[ed] worse" on her employment terms or conditions).

The record reflects that Plaintiffs were removed from their primary job duties as drivers and reassigned to different work. (DE 48, ¶¶ 35, 44–45; Pl. SOMF Resp. ¶128.)  A reasonable jury could conclude that removal from the essential function of their positions constitutes an adverse employment action as Plaintiffs argued they were "treated worse" in the new roles.

B.  Transitional Duty Was Coercive and Prolonged

Defendant's characterization of transitional duty as voluntary is disputed by the record. (DE 47 at 12–13). Plaintiffs have presented evidence that refusal to accept transitional duty could result in unpaid leave. (Pl. SOMF Resp. ¶60, ¶140.) The record also reflects that transitional duty was effectively conditioned on avoiding unpaid status. (Pl. SOMF Resp. ¶82.)

In addition, the record reflects that Plaintiffs were not promptly returned to their driving roles despite the availability of medical clearance, which supports a finding that the reassignment was not merely temporary but constituted a prolonged and materially adverse condition of employment. (DE 48, ¶¶ 60–61; Pl. SOMF Resp. ¶71.)

A reasonable jury could conclude that this combination of coercion and delay constitutes an adverse employment action. *See Vincent v. Jefferson Cty. Bd. of Educ.*, 152 F.4th 1339, 1351 (11th Cir. 2025) (finding an adverse employment action through transfer to another location even though the plaintiff chose the location from options presented);

IV.   **THE RECORD SUPPORTS A FINDING OF DISCRIMINATORY MOTIVE AND PRETEXT**

Under the burden-shifting framework applicable to ADA and FCRA discrimination claims, Plaintiffs may establish a prima facie case, after which the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its actions, and Plaintiffs may then demonstrate that such reason is pretextual. The record contains sufficient evidence at each stage to preclude summary judgment.

A.  Temporal Proximity Supports an Inference of Discrimination

The record reflects that Defendant removed Plaintiffs from driving duties immediately after confirming their use of handicap placards, without any intervening medical event or objective finding of impairment. (DE 48, ¶¶ 32–35.) This temporal proximity supports an inference that the

removal decision was based on the perception of disability. An inference of discrimination because of disability can happen when the temporary proximity is "very close." raise an inference that an employer terminated an employee because of a protected disability, the Eleventh Circuit instructs that "mere temporal proximity, without more, must be "very close." *Stephenson v. Nat'l All. Sec. Ag., Inc.*, No. 2:10-cv-0881-AKK, 2012 U.S. Dist. LEXIS 53000, at *17 (N.D. Ala. Apr. 16, 2012) (citing *Strate v. Midwest Bankcentre, Inc.*, 398 F.3d 1011, 1020 (8th Cir. 2005) ("[C]lose temporal proximity between an employer's discovery of a protected characteristic and an adverse employment action may, on rare occasions, suffice to create an inference of discrimination.")).

Plaintiffs have presented evidence that Defendant acted based on a perceived inconsistency between Plaintiffs' use of handicap placards and their ability to perform their job duties. (Pl. SOMF Resp. ¶49.) Under the ADA, an employer may be liable where it regards an employee as having an impairment, regardless of whether the impairment actually limits a major life activity. 42 U.S.C. § 12102(3).

Therefore, given that Defendant acted immediately upon its determination that Plaintiffs were using a handicap placard, a reasonable jury could conclude that Defendant's decision to remove Plaintiffs was based on such a perception of disability.

B. Additional Record Evidence Supports a Finding of Pretext and Convincing Mosaic

The record reflects additional facts that a reasonable jury could interpret as evidence of pretext, including the absence of individualized assessment, delays in the medical review process, and reliance on incomplete or disputed information. (Pl. SOMF Resp. ¶71, ¶131, ¶132.)

Under the "convincing mosaic" framework recognized in this Circuit, such circumstantial evidence is sufficient to defeat summary judgment even in the absence of direct evidence of discrimination. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

## CONCLUSION

Viewing the evidence in the light most favorable to Plaintiffs, genuine disputes of material fact exist as to whether Defendant's actions were required by federal law, whether Plaintiffs were qualified individuals, whether Plaintiffs suffered adverse employment actions, and whether discrimination motivated Defendant's conduct. Accordingly, this Court should deny Defendant's Motion for Summary Judgment (DE 47).

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via the CM/ECF system on June 1, 2026 on all counsel or parties of record on the Service List below.

> s/Gabriel Roberts
> Gabriel Roberts, Esq.
> Florida Bar No. 1018435
> Primary e-mail: GRoberts@scottlawteam.com
> Secondary e-mail: mail@scottlawteam.com
> SCOTT LAW TEAM, LLC
> 250 South Central Boulevard
> Suite 205
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
> *Counsel for Plaintiffs*

### SERVICE LIST
### CASE NO.: 25-cv-80883-MIDDLEBROOKS

Andrew McKinley, Esq.
Florida Bar No. 122069
amckinley@seyfarth.com
Ralph Culpepper, III, Esq.
*Pro Hac Vice*
rculpepper@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
*Counsel for Defendant*