**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-cv-80883-MIDDLEBROOKS**

TODD POPKE,
ANGELO VALVERDE, and
ANTONIO GONZALEZ,

      Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION,
a foreign profit corporation,

      Defendant.

_____ /

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED**
**MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

      Plaintiffs, TODD POPKE, ANGELO VALVERDE, and ANTONIO GONZALEZ, by and

through their undersigned counsel and pursuant to Local Rule 56.1, hereby respond to Defendant's

Statement of Material Facts in Support of its Motion for Summary Judgment (DE 48) as follows:

1.      Undisputed.

2.      Undisputed.

3.      Undisputed.

4.      Undisputed.

5.      Undisputed.

6.      Undisputed.

7.      Undisputed.

8.      Undisputed.

9.      Undisputed.

10.      Undisputed.

11. Undisputed.

12. Undisputed.

13. **Disputed.** Defendant characterizes placard use as creating a disqualifying inconsistency under DOT regulations. The record reflects no automatic disqualification and includes treating physician clearance for driving. (DE 48-1, Deposition of Todd Popke ["Popke Dep."] 214:9–25; DE 48-1 at Ex. 17, COSTCO_000583.)

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Undisputed.

21. Undisputed.

22. **Disputed.** Defendant omits testimony that Popke experienced knee pain requiring post-work care. (DE 48-1, Popke Dep. 211:3–25.)

23. **Disputed.** Popke did not admit false certification; his testimony addressed hypothetical statutory criteria. (DE 48-1, Popke Dep. 232:16–24.)

24. Undisputed.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28.   **Disputed.** Valverde's placard remained valid through 2025, and his statement was made to avoid removal from work. (DE 48-2, Deposition of Angelo Valverde ["Valverde Dep."] 205:24–206:4; Ex. A, Costco Response to Valverde Interrogatory No. 2; Ex. B, Deposition of Marissa Rhett ["Rhett Dep."] at Ex. 10, COSTCO_000584.)

29.   Undisputed.

30.   Undisputed.

31.   **Disputed.** Gonzalez testified that he has deep vein thrombosis ("DVT"). (DE 48-3, Gonzalez Dep. 138:16–19.)

32.   Undisputed.

33.   Undisputed.

34.   **Disputed.** The use of the language "there was nothing wrong" is misleading in the context of a lawsuit challenging how Defendant acted relating to these referrals.

35.   **Disputed.** Plaintiffs were removed from driving upon confirming placard use, without a contemporaneous finding of unfitness. (DE 48-1, Popke Dep. 158:1–159:1.)

36.   Undisputed.

37.   Undisputed.

38.   Undisputed.

39.   Undisputed.

40.   Undisputed.

41.   **Disputed.** Popke denied using a cane and provided documentation correcting the statement attributed to his physician's office. (DE 48-1, Popke Dep. 181:12–24, DE 48-1 at Ex. 14, COSTCO_000527.)

42.   Undisputed.

43. Undisputed.

44. **Disputed.** Popke had already provided medical clearance but was nonetheless removed from driving duties and required to accept transitional work. (DE 48-1, Popke Dep. 181:12–182:8; Ex. C, Plaintiff Popke's First Amended Responses to Interrogatory ["Popke Interrog."] No. 1; Ex. D, Rhett Dep., at Ex. 15, COSTCO_000528.)

45. Undisputed.

46. **Disputed.** Plaintiffs were informed that refusal to participate in the process could result in unpaid status, undermining any claim that the choice was voluntary. (Ex. C, Popke Interrog. No. 1; Ex. E, Plaintiff Valverde's First Amended Responses to Interrogatory ["Valverde Interrog."] No. 1.)

47. Undisputed.

48. Undisputed.

49. **Disputed.** Popke reported that warehouse work aggravated his knee and required icing. (DE 48-1, Popke Dep. 211:3–212:15; Ex. C, Popke Interrog. No. 9.)

50. Undisputed.

51. **Disputed.** Popke's treating physician cleared him to drive without restriction. (DE 48-1, Popke Dep. 214:9–25, DE 48-1 at Ex. 17, COSTCO_000583.)

52. Undisputed.

53. **Disputed.** The IME referral occurred despite multiple medical clearances indicating no driving restriction. (Popke Dep., DE 48-1 at Ex. 17, COSTCO_000583; Popke Dep. DE 48-1 at Ex. 18, COSTCO_000607.)

54. Undisputed.

55. **Disputed.** Rhett's response says that Popke needed to undergo an IME, but it does not specifically reject that Popke could return to driving if he discontinued using his placard. (Popke Dep. DE 48-1 at Dep. Ex. 18).

56. **Disputed.** Costco maintained control over the WorkCare referral process through its internal leave and accommodation personnel. (Declaration of Marissa Rhett, DE 48-7; Ex. F, Rhett Dep. at Ex. 41, Costco DOT FFD Training Materials, COSTCO_014024.)

57. **Disputed.** The record reflects available providers and internal communications showing delays in scheduling. (Ex. G, Deposition of Thomas Glenn ["Glenn Dep."] 29:1–30:1; Ex. H, Rhett Dep. at Ex. 22, COSTCO_000660-662.)

58. Undisputed.

59. Undisputed.

60. Undisputed.

61. Undisputed.

62. Undisputed.

63. Undisputed.

64. Undisputed.

65. Undisputed.

66. Undisputed.

67. Undisputed.

68. **Disputed.** Valverde's assignment to transitional duty was conditioned on avoiding unpaid leave. (Ex. E, Valverde Interrog. No. 1; DE 48-2, Valverde Dep. at Ex. 23, VALVERDE_000062.)

69. Undisputed.

70. Undisputed.

71. **Disputed.** Valverde reported physical discomfort and inability to sustain warehouse duties. (DE 48-2, Valverde Dep. 249:8–250:4; Ex. E, Valverde Interrog. No. 9.)

72. Undisputed.

73. Undisputed.

74. Undisputed.

75. Undisputed.

76. Undisputed.

77. **Disputed.** Continued placard use triggered removal from driving and further evaluation. (Ex. G, Glenn Dep. 17:17–24; 24:17–24.)

78. Undisputed.

79. Undisputed.

80. Undisputed.

81. Undisputed.

82. **Disputed.** Valverde testified he relinquished placard use to avoid extended removal from work. (DE 48-2, Valverde Dep. 205:24–206:4; 208:17–210:1.)

83. Undisputed.

84. Undisputed.

85. Undisputed.

86. Undisputed.

87. Undisputed.

88. Undisputed.

89. Undisputed.

90.   Undisputed.

91.   Undisputed.

92.   Undisputed.

93.   Undisputed.

94.   Undisputed.

95.   **Disputed.** Gonzalez was removed from driving and placed in transitional work upon identifying a medical need for placard use. (Ex. I, Gonzalez Interrog. No. 9; Ex. J, Def. Resp. to Gonzalez Interrog. No. 3.)

96.   Undisputed.

97.   Undisputed.

98.   Undisputed.

99.   Undisputed.

100.   Undisputed.

101.   **Disputed.** Gonzalez sought an independent DOT examination after WorkCare delays and cancellation of his IME. (DE 48-3, Gonzalez Dep. 162:9–163:6; 230:19–231:6.)

102.   **Disputed.** Any alleged inconsistency occurred in the context of rushed intake; his medical history was otherwise disclosed. (DE 48-3, Gonzalez Dep. 237:18–239:25; Ex. K, Rhett Dep., Ex. 33, COSTCO_000711-000722.)

103.   Undisputed.

104.   Undisputed.

105.   Undisputed.

106.   Undisputed.

107.   Undisputed.

108.   Undisputed.

109.   Undisputed.

110.   Undisputed.

111.   Undisputed.

112.   **Disputed.** Gonzalez's statement reflects caution regarding his condition "today," not inability to drive during the relevant period of the litigation. (DE 48-3, Gonzalez Dep. 148:1–22.)

113.   **Disputed.** Comparator evidence exists. Deane James was not removed from driving or subjected to similar review. (Ex. I, Gonzalez Interrog. No. 2.)

114.   **Disputed.** Plaintiffs' claims are based on adverse actions, including removal from driving and disparate treatment. (Ex. C, Popke Interrog. No. 9; Ex. I, Gonzalez Interrog. No. 9.)

115.   **Disputed.** In practice, drivers using placards were removed from duty and required to undergo fitness-for-duty review. (Ex. G, Glenn Dep. 16:17–25, Ex. G, Glenn Dep. At Ex. 1, COSTCO_000482–000487.)

116.   **Disputed.** Testimony reflects that drivers with valid DOT certifications were nonetheless removed based on placard use. (Ex. G, Glenn Dep. 17:5–18:3.)

117.   **Disputed.** The record reflects significant delays, including cancelled IMEs and internal frustration regarding scheduling. (Ex. G, Glenn Dep. 29:1–30:1; Ex. H, Rhett Dep. at Ex. 22, COSTCO_000660-662; DE 48-3, Gonzalez Dep. 230:19–231:6.)

118.   **Disputed.** Defendant's statement omits evidence of delays and reliance on incomplete or conflicting information. (DE 48-1, Popke Dep. 220:8–11.)

**PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS**

119.   Deane James, a similarly situated driver, possessed a handicap placard but was not removed from driving duties or subjected to a fitness-for-duty review. (Ex. C, Popke Interrog. No. 1; Ex. I, Gonzalez Interrog. No. 2.)

120.   During transitional duty, Popke was directed to perform tasks that aggravated his knee despite reporting those limitations. (Ex. C, Popke Interrog. No. 1.)

121.   Costco personnel communicated inaccurate information regarding Popke's need for a cane, which extended his removal from driving duties. (Ex. C, Popke Interrog. No. 1; Popke Dep., DE 48-1 at Ex. 14, COSTCO_000527.)

122.   Internal communications reflect that Costco managers recognized the delays in the review process as excessive and harmful to drivers. (Ex. G, Glenn Dep. 29:1–30:1; Ex. H, Rhett Dep. at Ex. 22, COSTCO_000660-662.)

123.   Plaintiffs were removed from driving duties immediately upon confirming valid placard use, without individualized fitness determinations. (DE 48-1, Popke Dep. 158:1–18; DE 48-3, Gonzalez Dep. 181:7–23.)

124.   Plaintiffs were required to submit to a controlled medical review process before being permitted to return to driving duties. (Ex. G, Glenn Dep. 16:17–25.)

125.   Plaintiffs who declined participation in the process risked loss of pay or continued removal from duty. (Ex. C, Popke Interrog. No. 1; Ex. E, Valverde Interrog. No. 1.)

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via the CM/ECF system on June 1, 2026 on all counsel or parties of record on the Service List below.

s/Gabriel Roberts
Gabriel Roberts, Esq.
Florida Bar No. 1018435
Primary e-mail: GRoberts@scottlawteam.com
Secondary e-mail: mail@scottlawteam.com
SCOTT LAW TEAM, LLC
250 South Central Boulevard
Suite 205
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020
*Counsel for Plaintiffs*

## SERVICE LIST
### CASE NO.: 25-cv-80883-MIDDLEBROOKS

Andrew McKinley, Esq.
Florida Bar No. 122069
amckinley@seyfarth.com
Ralph Culpepper, III, Esq.
*Pro Hac Vice*
rculpepper@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
*Counsel for Defendant*