**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:25-CV-80883-MATTHEWMAN**

TODD POPKE, et al.,

       Plaintiff,

   v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

**DEFENDANT'S REPLY IN SUPPORT**
**OF ITS MOTION FOR SUMMARY JUDGMENT**

## I.      INTRODUCTION

Plaintiffs' response in opposition to Costco's motion for summary judgment amounts to little more than a futile request that the Court "pay no attention to the man behind the curtain." Plaintiffs attempt to have the court ignore their unambiguous deposition admissions and set aside the factual background that renders their arguments utterly irrelevant. They ask the Court to ignore the actual language of the legal and regulatory frameworks underlying the events at issue, while also ignoring the caselaw that dooms their claims. And they avoid meaningfully engaging with the specific arguments made by Costco, precisely because those arguments reveal a series of claims that never should have been filed. As discussed in greater detail below, the Court should reject Plaintiffs' efforts and enter summary judgment in full.

## II.     DISCUSSION

### A.      Plaintiffs Have Not Validly Disputed Any Fact Included in Costco's Statement of Material Facts.

As an initial matter, Plaintiffs have not validly disputed any of the facts cited by Costco in support of its motion for summary judgment. Indeed, although Plaintiffs response purports to dispute some of the facts, they do not cite evidence undermining *any* of those facts. Instead, they merely cite evidence making entirely different points, without addressing Costco's facts head-on. Such an effort is improper and does not create an actual dispute of fact. *See* S.D. Fla. L.R. 56.1(b)(2)(C) ("[T]he evidentiary citations supporting the opponent's position must be limited to evidence specific to that particular dispute."). Nor do their efforts to cite their own interrogatory responses contradicting their deposition admissions under oath have any validity. *See, e.g. Johnson v. Gestamp Ala., LLC*, 946 F. Supp. 2d 1180, 1196 (N.D. Ala. 2013) ("[I]f the [interrogatory r]esponses have been contradicted by Plaintiff's deposition testimony, they cannot be considered by this Court." (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012)).) Thus, Costco's Statement of Facts should be deemed admitted, in full. Regardless, as detailed below, Plaintiffs have not raised any issue that would avoid the entry of summary judgment.

### B.       Costco's Efforts to Comply with the FMCSR Present a Complete Defense to Liability.

Plaintiffs' response to Costco's argument that its efforts to comply with the FMCSR present a complete defense ignores the actual requirements of the FMCSR, the events leading up to Plaintiffs' removal from driving duties for a fitness, and relevant caselaw.

*First*, Plaintiffs argue that the FMCSR "do[es] not mandate removal based solely on the existence of a handicap placard or a perceived inconsistency between state eligibility and federal standards." (Dkt. 51, at 2–3.) That assertion, which does not *actually* address the relevant regulations or state law outlined in Costco's motion in any meaningful way, is unambiguously wrong. Florida law permits the issuance of a handicap placard only when an individual is (1) certified as legally blind; or (2) "unable to walk 200 feet without stopping to rest." Fla. Stat. § 320.0848(b)(1). Conversely, the FMCSR prohibits individuals from driving while blind, 49 C.F.R. § 391.41(b)(10)(i)–(ii); prohibits individuals from driving when they have any of a number of conditions that may interfere with the ability to operate a motor vehicle safely or perform tasks associated with operating a motor vehicle, *id.* § 391.41(b)(2), (b)(7), (g); and imposes multiple requirements in which individuals must walk over 200 feet "within 10 minutes," *id.* §§ 392.7–.9, 392.22(b)(1), 392.22(b)(2)(v). And the FMCSR further requires that Costco cannot "permit a driver to operate a commercial motor vehicle" when an individuals ability to do so is "likely to become impaired." 49 C.F.R. § 392.3.

Given the above, when a handicap placard has *validly* issued in Florida, any condition qualifying for the placard is facially inconsistent with the requirements of the FMCSR. Plaintiffs simply gloss over the fact that the relevant regulations set a *mandatory* proscription that drivers "shall not" be permitted to drive when there is reason to believe an individual is likely to be impaired by any cause. And they further gloss over the fact that a DOT-certified medical examiner provided a medical opinion that, for Plaintiffs, their use of a handicap placard, if such use was valid, presented precisely such a reason, given the facial inconsistencies between Florida's requirements and FMCSR requirements—at least until a DOT-certified medical examiner reviewed the specific

2

issue and made a clearance determination. (Dkt. 48, at 3 ¶ 13; *see also, e.g.,* 29 C.F.R. § 1630.15€ (noting that the defense applies to actions "required or necessitated" by regulation); *Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 811 (5th Cir. 2016) (noting that the defense is to avoid the "dilemma of risking ADA liability or violating the DOT's command[s]" concerning driver safety); *Green v. Pace Suburban Bus*, No. 02 C 3031, 2004 WL 1574246, at *6 (N.D. Ill. July 12, 2004) (discussing caselaw and observing that (1) challenges related to "DOT driving certification have no fared well" and that (2) an employer is entitled to rely on a physician's opinion concerning DOT criteria without violating the ADA).

*Second*, Plaintiffs argue that they "were removed without an individualized fitness determination." (Dkt. 51, at 2–3.) This argument—which is not supported by any citation to caselaw—is both a strawman and factually baseless. Plaintiffs were removed from driving duties after they answered preliminary, individualized questions concerning their current use of a placard in the affirmative, on the guidance of a DOT-certified medical provider, *precisely for* fitness-for-duty evaluations to be performed by a DOT-certified provider. (Dkt. 48, at 3, 5–14 ¶ 13–15, 32–36, 39–109.) In fact, the FMCSR does not authorize anyone other than a DOT-certified medical examiner to perform the ultimate individualized fitness-for-duty determination. 49 C.F.R. § 392.3. And Plaintiffs' removal was because of the facial inconsistency between the requirements for a handicap placard under Florida law and the FMCSR mandates for drivers, outlined above and in Costco's motion. Plaintiffs obstinately refuse to acknowledge that reality (which is a pure legal issue), and they make no effort to explain why they met the legal requirements for a placard or how they could meet FMCSR requirements if that were the case. That is because they cannot.

*Third*, Plaintiffs present a series of arguments pertaining to prior fitness-for-duty reviews that, quite simply, are beyond disingenuous. (Dkt. 51, at 3.) Plaintiffs argue that they had *previously* been released to work "without restriction" (*id.*), but ignore that *subsequently* claiming a need to use a handicap placard at work is inconsistent with such a release. Plaintiffs argue that they had "already provided medical clearance before being

removed from driving duties" (*id.*), but they indefensibly ignore their admissions that they had never disclosed the use of a handicap placard—the matter giving rise to Costco's inquiry—to any DOT-certified medical provider who had provided clearance (Dkt. 48, at 5 ¶ 37). They claim that Popke's treating physician had "cleared [him] to drive" after he had been removed from duty (Dkt. 51, at 3), but wholly ignore that the doctor referenced—Dr. Andrew Schneider—was *not* a DOT-certified medical examiner and thus could not provide a legally valid medical clearance (Dkt. 48, at 7 ¶ 52; *see also* 49 C.F.R. § 391.43(a).) And they attempt to place import on the fact that they were ultimately cleared to return to driving duties (Dkt. 51, at 3), but ignore that Valverde was only returned to driving duties because he deliberately misrepresented his medical health during his fitness-for-duty review (Dkt. 48, at 10–11 ¶¶ 74, 78–79, 81–84), and that Popke and Gonzalez ultimately admit that they did not meet the criteria for issuance of a placard in Florida (Dkt. 48, at 4–5 ¶¶ 22, 31)—the very criteria that initiated the fitness-for-duty reviews (Dkt. 48, at 3 ¶¶ 11–15).

Thus, Plaintiffs' arguments[1] do nothing to undermine the reality that Costco's effort to comply with the FMCSR by removing them from duty until their use of a handicap placard until any underlying medical condition was reviewed is complete defense to liability.

### C. Plaintiffs Did Not Establish that They Were Qualified Individuals.

For many of the same reasons outlined above, Plaintiffs have not carried their burden of establishing that they are qualified individuals with a disability. Tellingly, although Plaintiffs attempted to recharacterize Costco's compliance with the FMCSR's mandates as "an employer ha[ving] chosen to remove an employee pending further review" (Dkt. 51, at 4), they have elected to ignore the relevant authority cited by Costco. Indeed, courts have made clear that, when a driver is not permitted to drive under applicable regulations until the relevant medical concern is reviewed and cleared by a

---

[1] Plaintiffs also included a "direct threat" argument in their response. However, Costco did not move for summary judgment on that ground, and thus it has no relevance to Costco's motion. If necessary, the defense may become more relevant at a later date.

DOT-certified medical examiner, the individual is not a qualified individual under the ADA. (*See* Dkt. 47, at 9–10 (citing cases); *see also, e.g.*, *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 973–74 (7th Cir. 2000) (addressing a claim that an employer "refus[ed] to allow [plaintiff] to return to work as a commercial truck driver," and finding plaintiff was not a qualified individual because, "[u]nder applicable DOT regulations, [defendant] was not allowed to permit [plaintiff] to resume driving" pending medical review).)

Rather than addressing those authorities, Plaintiffs cite two authorities that have no relevance to the analysis. First, they cite *Lowe v. Alabama Power Co.*, 244 F.3d 1305, 1309 (11th Cir. 2001). But *Lowe* did not even analyze whether the plaintiff was a qualified individual. Rather, the magistrate judge had simply "assumed for purposes of argument" that the plaintiff was qualified, and the only issue on appeal was a direct-threat defense, which is not at issue in the instant motion. *Id.* at 1307–08. Second, Plaintiffs cite to *Moore v. Jackson County Board of Education*, 979 F. Supp. 2d 1251, 1266 (N.D. Ala. 2013), to argue that a plaintiff need not be "100% healed." Even setting aside that Costco made no such argument, that case did not address any requirements *dictated by law*, and thus it has no relevance to whether Plaintiffs were qualified in light of the FMCSR. *See, e.g.*, *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 570 (1999) (holding that, when a qualification is set by law, "there [is] no basis to question [an employer's] unconditional obligation to follow the regulations and its consequent right to do so").

Plaintiffs' remaining arguments are nothing more than a repetition of their disingenuous arguments related to their "restrictions" and supposed clearances. Those matters are irrelevant for the same reasons discussed previously.[2] (*See supra* Part II.C.) Indeed, as noted above, Plaintiffs had never before disclosed their use of a handicap placard to a DOT-certified medical provider, and thus never had any such matter reviewed and approved in compliance with DOT regulations, except as part of the

---

[2] Confusingly, Plaintiffs also assert that they "specifically disputed Defendant's contention that placard use creates a regulatory disqualification." (Dkt. 51, at 5.) Statutory interpretation is a legal issue, not a factual one. In any event, Plaintiffs cite only to Paragraph 27, which has nothing to do with those legal standards.

WorkCare review initiated by Costco. (Dkt. 48, at 5 ¶ 37.)

Simply put, Plaintiffs argument does nothing to change the law and facts cited in Costco's motion, and Plaintiffs have not created a dispute of fact as to whether they were qualified individuals.

### D.   Plaintiffs Did Not Argue that They Can Establish a Nondisabled Comparator, and Thus Have Waived Any Opposition.

In its motion, Costco observed that Plaintiffs could not present evidence of a nondisabled comparator who was treated more favorably than them. Plaintiffs did not provide any response to this argument in their brief, and thus have waived any opposition to it.[3] *See, e.g.*, *Partners Biomedical Sols., LLC v. Saltsman*, No. 19-cv-81316-MATTHEWMAN, 2021 WL 4244861, at *13 (S.D. Fla. Sept. 17, 2021) ("Plaintiffs failed to respond to these arguments in their response to Defendants' motion [for summary judgment] and thus have waived any arguments . . . ."); *U.S. Bank v. Phillips*, No. 24-80326-CIV-CANNON/Reinhart, 2026 WL 893689, at *2 (S.D. Fla. Mar. 9, 2026) ("[W]hen a nonmovant fails to address a movant's arguments in response to a summary judgment motion, the nonmovant abandons and waives that argument."). Summary judgment must thus be entered on this ground.

### E.   Plaintiffs Did Not Establish Any Adverse Actions that Could Form the Basis for a Discrimination Claim.

In its motion, Costco observed that Plaintiffs could not establish that they experienced any adverse action. As was the case with the other portions of their response, Plaintiffs simply ignored Costco's actual arguments. Specifically, Plaintiffs did not

---

[3] In their Statement of Additional Material Facts only, Plaintiffs asserted that "Dean James" was "a similarly situated driver." (Dkt. 52 ¶ 119.) But they did not claim—because they cannot—that he was nondisabled. Nor did they present any actual record evidence supporting the legal conclusion that he was, in fact, "similarly situated . . . in all material respects," as a matter of law. *See, e.g.*, *Herron-Williams v. Ala. State Univ.*, 805 F. App'x 622, 628 (11th Cir. 2020) (holding that a comparator must be "from outside of the plaintiff's protected class" and "similarly situated to the plaintiff in all material respects"). For example, they do not point to facts indicating that James claimed that an ongoing medical need existed to use a handicap placard. Moreover, the supposed "fact" is not accurate, for the reasons noted in Costco's Response to the Statement of Additional Material Facts.

respond to Costco's arguments that (1) the removal from driving duties could not qualify as an adverse action because it was dictated by the FMCSR; and (2) the offer of temporary transitional duty in the warehouse could not be an adverse action because the implicated duties were already part of his job duties.[4] (Dkt. 47, at 13.) Moreover, where the FMCSR required that Plaintiffs be removed from driving duties—i.e., *not work*—the suggestion that Plaintiffs' acceptance of a *gratuitous* offer of work to maintain work (which they could elect to stop) is somehow anything but voluntary is not only refuted by Plaintiffs' deposition testimony (Dkt. 48, at 6–7, 9, 12–13 ¶¶ 44–47, 68, 95–96, 105), but utterly nonsensical. Thus, summary judgment should also be entered on this ground.

### F.     Plaintiffs Failed to Establish Any Decisionmaker Knew of Any Disability Prior to Any Adverse Action.

Plaintiffs do not dispute that the undisputed record establishes that no decisionmaker knew that any Plaintiff had a disability prior to deciding any action placed at issue. That is critical because, under binding precedent, a plaintiff cannot carry his burden of establishing discrimination *because of* a disability without first establishing that the employer knew of the disability prior to taking the subject action. (Dkt. 47, at 13–14; *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1186 (11th Cir. 2005) ("[A] decision-maker who lacks actual knowledge of an employee's disability cannot [take action against] the employee 'because of' that disability.").

Instead, Plaintiffs argue that there should be an "inference" of knowledge because of "temporal proximity." (Dkt. 51, at 6–7.) That is not the law. Plaintiffs cite only to *Stephenson v. National Alliance Security Agency, Inc.*, No. 2:10-cv-0881-AKK, 2012 WL 1340073 (N.D. Ala. Apr. 16, 2012), in support, but wildly misrepresent its holding. Indeed, *Stephenson* involved a grant of summary judgment when it was undisputed that the plaintiff had informed the decisionmaker of the relevant disability at the time of hire. *Id.*

---

[4] Moreover, there is no evidence of unwarranted delay. Rather, the only evidence is that the fitness-for-duty reviews took the amount of time the DOT-certified medical provider determined were necessary to render her opinion, and Plaintiffs were promptly returned to driving duties once cleared. (Dkt. 48, at 14 ¶¶ 117–18.)

at *6. That is the opposite of the situation presented by Plaintiffs here, where it is undisputed that the decisionmakers had *no knowledge* of whether Plaintiffs had a disability and, if so, what it was at the time of the relevant actions. (Dkt. 48, at 3–4, 11–12 ¶¶ 16, 85, 90.)

Moreover, the Eleventh Circuit has expressly rejected the argument that the possibility that someone *could* have knowledge is sufficient at the summary judgment stage. *See Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1355 (11th Cir. 1999) (observing that "'could have told' is not the same as 'did tell,'" and that a plaintiff's burden at the summary judgment requires more). And to the extent that Plaintiffs argue that a decisionmaker must have "regarded" them as having an impairment, the argument is a mere rehash of the claim that using a handicap placard necessarily means the user has a disability—an argument that the Court has already unequivocally rejected in this case. (Dkt. 22, at 7 n.5.) It also is an argument that makes little sense in the context of this case, where the initiation of the placard-related review at the West Palm Beach depot resulted in admissions from multiple individuals that handicap placards were being misused. (Dkt. 48, at 4 ¶¶ 17–19.) And perhaps most critically, there simply is no record evidence— nor do Plaintiffs cite any—establishing that any decisionmaker regarded any of the Plaintiffs as disabled at the time of any action.

Thus, summary judgment must also be granted because of this fundamental failing in Plaintiffs' evidence.

### G.     Plaintiffs' Cursory Argument Does Not Establish Pretext.

Plaintiffs' attempt to establish that Costco's legitimate, nondiscriminatory reasons for removing them from driving duties consists of only a single sentence. (Dkt. 51, at 7.) Specifically, they argue—without citations to actual supporting record evidence—that they can establish pretext based on "the absence of individualized assessment, delays in the medical review process, and reliance on incomplete or disputed information." (*Id.*) Even setting aside the lack of evidence supporting those assertions, they would not establish pretext.

"[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown

*both* that the reason was false, *and* that discrimination was the real reason." *Saint Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). Plaintiffs have not established either. The undisputed record establishes that Plaintiffs' removals from driving duties, pending fitness-for-duty reviews, were the result of a belief—based on the guidance of a DOT-certified medical examiner—that the requirements for a handicap placard (if properly issued) conflicted with FMCSR requirements. (Dkt. 48, at 3–5 ¶¶ 11–16, 32–35.) The undisputed evidence also establishes that Costco offered temporary transitional duty to Plaintiffs as an accommodation to ensure that they had the ability to maintain an income, while their fitness for duty was under review. (*Id.* at 6–7 ¶¶ 44–46.) Plaintiffs did not directly address those reasons in any meaningful way, despite that Costco outlined Plaintiffs' inability to establish pretext at length in its motion (Dkt. 47, at 14–16.)

Nor have Plaintiffs presented any response to Plaintiffs' argument that they cannot meet their burden of establishing *but-for* causation. (Dkt. 47, at 16.) Thus, Plaintiffs did not establish pretext.

**H.     Plaintiffs' Did Not Establish a Convincing Mosaic.**

Finally, Plaintiffs apparently argue, again in a single sentence, that a convincing mosaic exists for the same three reasons cited as part of the pretext discussion. Again, the citations provided—or frankly the full record—do not support those assertions. For example, as discussed above, the claim of an "absence of an individualized assessment" is utterly baseless. An individualized assessment is precisely what occurred after Costco removed Plaintiffs from driving duties after each provided information about their placard use and referred them for evaluations by WorkCare, in light of the opinion of a DOT-certified medical provider that a potential fitness-for-duty issue existed. (Dkt. 48, at 3–5 ¶¶ 11–16, 32–35.) There were also no inexplicable "delays in the medical review process" by Costco, or any evidence that any supposed "delay" was due to discriminatory animus. (*Id.* at 14 ¶¶ 117–18.) Rather, the process took the amount of time the DOT-certified medical provider decided was needed to render a medical opinion as to each individual. (*Id.* at 14 ¶ 118.) And Plaintiffs wholly fail to explain what "incomplete or disputed" information was supposedly "reli[ed]" on, whether it was relied on by

9

Costco, or how the same is reflective of discriminatory animus.

Plaintiffs also failed to address any of the specific arguments raised in Costco's motion for summary judgment as to why a convincing mosaic does not exist—such as the lack of evidence of decisionmaker knowledge of a disability, discussed previously—and those facts independently doom Plaintiffs' claims. (Dkt. 47, at 16–17.)

## III.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in Costco's motion, summary judgment should be entered in Costco's favor on all of Plaintiffs' claims.

Respectfully submitted this 15th day of June 2026,

By: */s/ Andrew McKinley*

Andrew McKinley
Fla. Bar No. 122069
Ralph Culpepper (pro hac vice)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
amckinley@seyfarth.com
rculpepper@seyfarth.com

*Attorneys for Defendant*
*Costco Wholesale Corporation*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed with the Court, via the CM/ECF system, on June 15, 2026, which will serve a copy of the same on all counsel of record.

*/s/ Andrew McKinley*
Andrew McKinley