**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:25-CV-80883-MATTHEWMAN**

TODD POPKE, et al.,

      Plaintiff,

   v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

**DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS**

## I.   INTRODUCTION

Plaintiffs' response to Costco's Statement of Undisputed Material Facts delineates only seven alleged "Additional Material Facts" (Dkt. 52, at 9) for the Court's consideration in resolving Costco's summary judgment motion. Plaintiffs' assertions, however, are not supported by competent record evidence, nor are they material to the resolution of Costco's motion. Thus, none of those alleged facts—which are discussed, in turn, below—should be credited by the Court.

## II.   DISCUSSION

### A.   Additional Fact No. 119

In Paragraph 119, Plaintiffs assert the following Additional Fact: "Dean James, a similarly situated driver, possessed a handicap placard but was not removed from driving duties or subjected to a fitness-for-duty review." (Dkt. 52, at 9 ¶ 119.) The competent record evidence does not support Plaintiffs' assertion. To start, Plaintiffs cite only to December 9, 2025 interrogatory responses of two of the Plaintiffs—Popke and Gonzalez in support of the assertion. They ignore, however, their own deposition testimony from January 2026. Popke, for example, admitted that he (1) has no reason to dispute that James was offered temporary transitional duty in connection with the review of his handicap placard usage and that, after rejecting it, he was on leave until his situation was resolved; and (2) does not know how the review of James's placard usage was resolved. (Dkt. 54-1, at 167:21–168:8, 192:22–197:3.) Gonzalez similarly admitted that with respect to the relevant actors in their own claims—including Marisa Rhett and Don Sloat—that "whatever they did and all this started, I have no idea about it. . . . I have no idea." (Dkt. 54-2, at 170:5–13.) Given these deposition admissions, Plaintiffs' attempted reliance on their prior interrogatory responses—in what effectively amounts to a sham affidavit—is improper and cannot be credited. *See, e.g.*, *Johnson v. Gestamp Ala., LLC*, 946 F. Supp. 2d 1180, 1196 (N.D. Ala. 2013) ("[I]f the [interrogatory r]esponses have been contradicted by Plaintiff's deposition testimony, they cannot be considered by this Court." (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012))).

In any event, the assertion is neither material nor supported by the interrogatories

cited. It is not material because there is no record evidence that James was nondisabled, and only a nondisabled individual could function as a potential comparator. It is not supported because the interrogatory responses do not (1) establish that James "was not removed from driving duties or subjected to a fitness-for-duty review"; and (2) do not include facts supporting the legal conclusion that he was "similarly situated." *See, e.g.*, *Herron-Williams v. Ala. State Univ.*, 805 F. App'x 622, 628 (11th Cir. 2020) (holding that a comparator must be "from outside of the plaintiff's protected class" and "similarly situated to the plaintiff in all material respects"). As to the latter point, for example, they do not point to facts indicating that James claimed that an ongoing medical need existed to use a handicap placard. In fact, the record indicates they have no reason to dispute that the opposite occurred, and that James ceased using a placard. (Dkt. 54-1, at 193:11–194:7.)

Thus, Additional Fact No. 119 is not supported by the record.

### B.      Additional Fact No. 120

In Paragraph 120, Plaintiffs assert the following Additional Fact: "During transitional duty, Popke was directed to perform tasks that aggravated his knee despite reporting those limitations." (Dkt. 52, at 9 ¶ 120.) The evidence cited by Plaintiffs, however, does not support the assertion made. Although Popke cites only to an interrogatory response, that response states only that Popke told Charlie Clark—an individual with no role in any alleged adverse action placed at issue—of an alleged issue and that Clark "responded that the task was the only job available to [Popke]." (Dkt. 52-3, at 4.) The undisputed record establishes that, after Popke was removed from driving duties as required under the FMCSR for a fitness-for-duty review, Popke was offered the temporary transitional duty referenced in the interrogatory response to gratuitously afford him a means of maintaining an income, while he performed what he concedes was "light duty." (Dkt. 48 at 6–7 ¶¶ 44–48.) The undisputed record further establishes that, at all times, Popke was free to accept or reject that duty—i.e., he was not "directed" to perform anything. (*Id.* at 7 ¶¶ 46–47.) Thus Additional Fact No. 120 is not supported by the record.

C.      **Additional Fact No. 121**

In Paragraph 121, Plaintiffs assert the following Additional Fact: "Costco personnel communicated inaccurate information regarding Popke's need for a cane, which extended his removal from driving duties." (Dkt. 52, at 9 ¶ 121.) The evidence cited by Plaintiffs, however, does not support the assertion made. First, nothing in the citations provided by Plaintiffs supports the assertion that inquiries concerning a cane "extended his removal from driving duties."

Second, Plaintiffs assertions are outright refuted in his sworn deposition testimony, and thus his interrogatory responses are not create competent evidence at the summary judgment stage. *See, e.g.*, *Johnson*, 946 F. Supp. 2d at 1196. During his deposition, Popke admitted that (1) he has no personal knowledge as to whether his provider's office initially reported that he did, in fact, need to use a cane (Dkt. 48-1, at 179:8–180:13); (2) he does not know whether his doctor was confused about whether he needed a cane (Dkt. 54-1, at 217:18–24); (3) his doctor subsequently provided clarification indicating that a limitation of "weight-bearing as tolerated" and "[c]ane not needed for work," though it did not address whether a cane was needed in other circumstances (Dkt. 48-1, at 181:20–182:8); and (4) despite the incomplete information from the provider, Costco did not ask further questions about the cane (Dkt. 48-1, at 182:9–16). That is, Popke's own testimony concedes the undisputed evidence that Costco presented, indicating that WorkCare was informed by his medical provider's office that he used a cane. (Dkt. 48, at 6 ¶¶ 41–42.)

Thus, Additional Fact No. 121 is not supported by competent record evidence.

D.      **Additional Fact No. 122**

In Paragraph 122, Plaintiffs assert the following Additional Fact: "Internal communications reflect that Costco managers recognized the delays in the review process as excessive and harmful to drivers." (Dkt. 52, at 9 ¶ 122.) Again, this assertion is not supported by the record. To start, the evidence cited does not reflect an opinion by multiple "managers" or about multiple "drivers"; rather, it concerns solely an assertion of Tom Glenn concerning Gonzalez on August 19, 2024. (Dkt. 52-8, at 3–4.) The comment did not reflect any opinion about the "review process" generally; indeed, the very

evidence cited by Plaintiffs make clear that Glenn's comment solely concerned the "scheduling [of] an IME" for Gonzalez, not the overall process.  (Dkt. 52-7, at 29:3–12) And the scheduling of the IME was done by a third-party, WorkCare, not Costco. (Dkt. 48, at 8 ¶ 56.)

While lGenn expressed an opinion on August 19, 2024, that it was "not the right thing" for Gonzalez "to be displaced this long" (Dkt. 52-8, at 3), Plaintiffs disingenuously omit that, Gonzalez was not "displaced" at all at the time of the message and, due to a miscommunication, had continued driving up to and through the date of Glenn's email, while his IME was being scheduled. (Dkt. 48, at 12 ¶¶ 94–95.) Moreover, Glenn never expressed the opinion that any delay was "excessive and harmful" in the evidence cited by Plaintiffs; rather, Glenn expressly noted during his deposition that he did not know how long things should take because he was not a doctor, and that he knew that specialists may require longer lead times. (Dkt. 54-3, at 28:5–29:12.)

Thus, Additional Fact No. 122 is not supported by competent record evidence.

### E.      Additional Fact No. 123

In Paragraph 123, Plaintiffs assert the following Additional Fact: "Plaintiffs were removed from driving duties immediately upon confirming valid placard use, without individualized fitness determinations." (Dkt. 52, at 9 ¶ 123.) Again, the assertion is not supported by the record or the evidence cited. To start, the evidence cited does not address Valverde at all. With respect to Popke and Gonzalez, it also does not establish "valid placard use." In fact, both Popke and Gonzalez have admitted that they did not actually meet the criteria for valid placard issuance in Florida. (Dkt. 48, at 4–5 ¶¶ 22–23, 31.) And Plaintiffs' citations—as well as Costco's Statement of Facts—only reinforce that Costco inquired as to whether the placards were Plaintiffs and whether they were current, which was itself an individualized inquiry. (*Id.* at 3, 5 ¶¶ 13–14, 32–33.) In fact, the record further refutes Plaintiffs' claim of no individualized reviews in painstaking detail. That is because, upon confirmation that those preliminary individualized facts noted above as to each Plaintiff, Costco referred Plaintiffs to WorkCare *for individualized reviews* by a DOT-certified medical provider. (*Id.* at 5–14 ¶¶ 32–36, 39–113.) Thus,

4

Additional Fact No. 123 is not supported by competent record evidence.

### F.      Additional Fact No. 124

In Paragraph 124, Plaintiffs assert the following Additional Fact: "Plaintiffs were required to submit to a controlled medical review process before being permitted to return to driving duties." (Dkt. 52, at 9 ¶ 124.) The evidence cited, however, does not support the assertion made. Specifically, the deposition testimony cited by Plaintiff (Dkt. 52-7, at 16:17–25) does not at any point state that there was a medical review process that was "controlled" in any way by Costco. Instead, that evidence, and Costco's Statement of Facts, made clear that the fitness-for-duty review under DOT regulations was performed by a DOT-certified medical examiner from a third-party, WorkCare. (Dkt. 48, at 3, 5, 8, 10–11, 13–14 ¶¶ 15, 35–36, 60, 79, 108, 118.) The undisputed evidence also makes clear that the reviews took the amount of time needed for the DOT-certified medical examiner to issue her medical opinion. (*Id.* at 14 ¶ 118.) Thus, Additional Fact No. 124 is not supported by competent record evidence.

### G.      Additional Fact. No. 125

In Paragraph 125, Plaintiffs assert the following Additional Fact: "Plaintiffs who declined participation in the process risked loss of pay or continued removal from duty." (Dkt. 52, at 9 ¶ 125.) Although Plaintiffs cite to Popke's and Valverde's responses to Interrogatory No. 1 for this assertion, those responses do not make the assertion claimed. Thus, Additional Fact No. 125 is not supported by competent record evidence.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Additional Facts are unsupported by competent record evidence and should not be credited at the summary judgment stage. Even if they were credited, they would have no bearing on the arguments made in Costco's motion for summary judgment, or on the fact that summary judgment should be entered on Plaintiffs' claims in full.

Respectfully submitted this 15th day of June 2026,

6

By: */s/ Andrew McKinley*

Andrew McKinley, Fla. Bar No. 122069
Ralph Culpepper (pro hac vice)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-
amckinley@seyfarth.com
rculpepper@seyfarth.com

*Attorneys for Defendant*
*Costco Wholesale Corporation*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify the foregoing was electronically filed with the Court, via the CM/ECF system, on June 15, 2026, which will serve a copy of the same on all counsel of record.

*/s/ Andrew McKinley*
Andrew McKinley
